Stephen Caruso
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1812

Plaintiff In Pro Se

**FILED**

Oct 15 2018

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____s/jenniferm_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

**STEPHEN J. CARUSO**,

        Plaintiff,

vs.

**DIVERSIFIED CONSULTANTS, INC.,**
a foreign corporation, identity unknown,
**I.C. SYSTEM INC.,**
a foreign corporation, identity unknown,
**CREDENCE RESOURCE MANAGEMENT**
a foreign corporation, identity unknown,
**TRANS UNION LLC.,**
a national credit reporting agency,
**EXPERIAN INFORMATION SYSTEMS,**
a national credit reporting agency,

        Defendants.

Case No. **'18 CV2363 LAB BGS**

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO VIOLATIONS OF THE**

**1)** TELEPHONE CONSUMER PROTECTION ACT
[TCPA] 47 U.S.C.§227 *et seq.*

**2)** FAIR DEBT COLLECTIONS PRACTICES ACT
[FDCPA] 15 U.S.C.§1692 *et seq.*

**3)** FAIR CREDIT REPORTING ACT
[FCRA] 15 U.S.C.§1681 *et seq.*

**4)** CONSUMER CREDIT REPORTING AGENCIES ACT
[CCRAA] Civil Code §1785 *et seq.*

**5)** CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
[CRFDCPA] Civil Code §1788 et seq.

**6)** DECLARATORY RELIEF

**DEMAND FOR JURY TRIAL**

# COMPLAINT

COMES NOW, STEPHEN J. CARUSO, Plaintiff, In Pro Se in the above-entitled case as

an individual *hereby sues* the *above-named Defendants* and makes the following allegations

and claims against all of these same said Defendants for strict statutory violations of:

1  **1)** [TCPA] The Telephone Consumer Practices Act 47 U.S.C.§227 *et.seq.*,

2  **2)** [FDCPA] The Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.*,

3  **3)** [FCRA] The Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.*,

4  **4)** [CCRAA] Consumer Credit Reporting Agencies Act California Civil Code §1785 *et seq.*,

5  **5)** [CRFDCPA] California Rosenthal Fair Debt Collection Practices Act CCC§1788 et seq.,

6  **6)** Declaratory relief as the honorable court deems appropriate.

7

8

9  ## I.   **PRELIMINARY STATEMENT**

10  **1.** This is an action for damages and injunctive relief brought to this Ninth Circuit

11  U.S. District Court by Plaintiff STEPHEN J. CARUSO (hereinafter "CARUSO") against all

12  of the above-named Defendant's as follows:

13  **2.** For numerous strict statutory violations of the [TCPA] Telephone Consumer

14  Protection Act as follows:

15  ● [TCPA] 47 U.S.C. §227(b)(1)(A),

16  ● [TCPA] 47 U.S.C. §227(b)(1)(A)(iii),

17  **3.** For numerous strict statutory violations of the [FDCPA] Fair Debt Collection

18  Practices Act as follows:

19  ● [FDCPA] Fair Debt Collection Practices Act 15 U.S.C.§1692c(a)(1),

20  ● [FDCPA] Fair Debt Collection Practices Act 15U.S.C.§1692d(5),

21  ● [FDCPA] Fair Debt Collection Practices Act 15 U.S.C.§1692d(6),

22  ● [FDCPA] Fair Debt Collection Practices Act 15 U.S.C. §1692e(10),

23  **4.** For strict statutory violations of multiple state counterparts or [CFDCPA]

24  California Rosenthal Fair Debt Collection Practices Act as follows:

25  ● [CFDCPA] California Code of Civil Procedure §1788 *et seq.*.

26

27

28

**5.**   <u>**The Telephone Consumer Protection Act of 1991 [TCPA]**</u> was passed by the United States Congress in 1991 and signed into law by President George H. W. Bush as Public Law 102-243. It amended the Communications Act of 1934. The TCPA is codified as 47 U.S.C. § 227.

**[1] The TCPA restricts telephone solicitations (i.e., telemarketing) and the use of automated telephone equipment. The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines. It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems—principally with provisions requiring identification and contact information of the entity using the device to be contained in the message. Unless the recipient has given prior express consent, the TCPA and Federal Communications Commission (FCC) rules under the TCPA generally:**

**[2] Prohibits solicitors from calling residences before 8 a.m. or after 9 p.m., local time. Requires solicitors maintain a company-specific "do-not-call" (DNC) list of consumers who asked not to be called; the DNC request must be honored for 5 years. Requires solicitors honor the National Do Not Call Registry. Requires solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted. Prohibits solicitations to residences that use an artificial voice or a recording.**

**[3] Prohibits any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (e.g., "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.**

**[4] Prohibits autodialed calls that engage two or more lines of a multi-line business. Prohibits unsolicited advertising faxes. In the event of a violation of the TCPA, a subscriber may (1) sue for up to $500 for each violation or recover actual monetary loss, whichever is greater, (2) seek an injunction, or (3) both.**

**[5] In the event of a willful violation of the TCPA, a subscriber may sue for up to three time the damages, i.e. $1,500, for each violation.**

**[6]  When Congress passed the TCPA in 1991, it delegated the do-not-call rules to the FCC. Congress suggested that the FCC's do-not-call regulations "may require the establishment and operation of a single national database".**

**[7] The FCC did not adopt a single national database but rather required each company to maintain its own do-not-call database.**

**[8]** The FCC's initial do-not-call list regulations were ineffective at proactively stopping unsolicited calls because the consumer had to make a do-not-call request for each telemarketer. In 2003, the Federal Trade Commission — not the FCC and not the agency entrusted with the TCPA — established the National Do Not Call Registry and implemented regulations prohibiting commercial telemarketers from making unsolicited sales calls to persons who did not wish to receive them. After being challenged in court by the telemarketing industry,[citation needed] the National Do Not Call Registry received Congressional ratification in the speedy enactment of Do-Not-Call Implementation Act.

**6.** **The FDCPA Fair Debt Collection Practices Act** regulates the behavior of collection agencies attempting to collect a consumer debt *on behalf of another entity*. The United States Congress has found *abundant evidence of the use of abusive, deceptive, and unfair consumer debt collectionpractices contribute to a number of personal bankruptcies, maritalinstability, loss of jobs, and invasions of individual privacy*. Congress enacted the FDCPA to *eliminate abusive consumer debt collection practices by debt collectors*, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to *protect consumers against debt collection abuses described* in[15 U.S.C.§1692(a)-(e)].

**7.** The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of **_one violation_**. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "*least sophisticated*" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 1222, 1227(9th Cir. 1988)]. This objective standard "ensure[s] that the FDCPA *protects all consumers*, the *gullible as well as the shrewd ... the ignorant*, the *unthinkable* and the *credulous*." [*Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

**8.** To prohibit deceptive practices the FDCPA, at 15 U.S.C.§1692e, outlaws the use of *false*, *deceptive*, and *misleading collection letters* and names a non-exhaustive list of certain per se violations of *false* and *deceptive collection conduct* 15 U.S.C.§1692e(1)-(16).

**9.** To prohibit *harassment and abuses* by debt collectors the FDCPA, at 15 U.S.C.§1692d, provides that a debt collector *may not engage in any conduct the natural*

1  *consequences of which is to harass, oppress, or abuse any person in connection with the*
2  *collection of a consumer debt* and names a non-exhaustive list of certain per se violations of
3  harassing and abusive collection conduct 15 U.S.C.§1692d(1)-(6).  Among these per se
4  violations prohibited by this section are: *any collection activities and the placement of*
5  *telephone calls without meaningful disclosure of the callers identity* [15 U.S.C.§1692d(6)].

6      **10.**  The FDCPA also prohibits, at15 U.S.C.§1692c, *without the prior consent of the*
7  *consumer given directly to the debt collector*, or the *express written permission of a court of*
8  *competent jurisdiction*, or as reasonably necessary to effectuate a post judgement judicial
9  remedy, communication by a debt collector in connection with the collection of *any*
10  *consumer debt.*, with any person other than the consumer, his attorney, a consumer reporting
11  agency if otherwise permitted by law.

12      **11.**  Congress enacted the **[FCRA] Fair Credit Reporting Act** to establish rights
13  to privacy over their credit and financial information and to insure the "*[a]ccuracy and*
14  *fairness of credit reporting.* "FCRA provides <u>several</u> protections for consumers, including
15  but not limited to the *right to be notified of any negative/unfavorable information reported*
16  *in their name* and the *right to dispute inaccurate, outdated and/or incomplete information*
17  on their personal consumer credit files and reports.

18      **12.**  The FCRA regulates credit reporting agencies as well as creditors, collection
19  agencies and other parties who *provide consumer credit information to credit reporting*
20  *agencies and/or obtain and use the consumer credit reports*. FCRA Section 623,
21  15 U.S.C.§1681s-2, imposes obligations on furnishers of information to the credit reporting
22  agencies. Furnishers must report *accurate information*, correct and update erroneous
23  information, and provide certain notices to consumers pertaining to furnished information.

24      **13.**  **[CCRAA] California Credit Reporting Agency Act** was implemented to
25  protect the credit information of California consumers. The CCRAA also regulates
26  consumer credit reporting agencies and furnishers of information with respect to personal,
27  credit and other financial information submitted and maintained in their consumer credit
28  file. CCRAA in California Civil Code §1785.25-1785.26 *refrains* furnishers of consumer

1 credit information from reporting information that *they know or should have known was*

2 *erroneous*, and obligates furnishers to *cease credit reporting* of information disputed by

3 consumers *after receiving a notice of such dispute* from individual consumers.

4     **14.** CCRAA provides consumers with the *right to be informed of negative credit*

5 *reporting* and the *right to dispute information in their credit reports*, which they believe is

6 incomplete and/or inaccurate. Consumers also have the *right to bring civil actions against*

7 *violators of any provision of the CCRAA with respect to their rights and their credit, and*

8 *to seek monetary damages*. California Civil Codes §1785.19 and §1785.31.

9     **15.** <u>The CRFDCPA California Rosenthal Fair Debt Collection Practices Act</u>

10 *regulates collection agencies and original creditors* the creditor, the attorney of the creditor,

11 or the attorney of the consumer debt collector has determined that the banking and credit

12 system and grantors of credit to consumers are *dependent upon the collection of just and*

13 *owing debts* and that <u>*unfair or deceptive collection practices undermine the public*</u>

14 <u>*confidence that is essential to the continued functioning of the banking and credit system*</u>

15 <u>*and sound extensions of credit to consumers*</u>. The Legislature has further determined that

16 there is a need that debt collectors *exercise their responsibility with fairness, honesty, and*

17 *due regard for the debtor's rights* and that debt collectors must be *prohibited from engaging*

18 *in unfair or deceptive acts or practices*.

## II. JURISDICTION AND VENUE

20     **16.** Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and

21 15 U.S.C. §1692(k)(d), supplemental jurisdiction also exists for the state law claims

22 pursuant to California Stat.§1788 and California Code of Civil Procedure §410.10.

23     **17.** The following above-named Defendants:

24     • DIVERSIFIED CONSULTANTS INC., a business entity, form unknown,

25     • I.C. SYSTEM, a business entity, form unknown,

26     • CREDENCE RESOURCE MANAGEMENT, business entity, form unknown,

27     • TRANS UNION LLC., a National consumer credit reporting agency (CRA) as

28 defined by 15 U.S.C. §1681(f),

- EXPERIAN, a National consumer credit reporting agency (CRA) as defined by 15 U.S.C. §1681(f),

- DOES 1 thru 10 inclusively all conduct business in the State of California and therefore, personal jurisdiction is established. The jurisdiction of this court is further conferred by 15 U.S.C.§1681p.

**18.** Venue is proper pursuant to 28 U.S.C. §1391b and California Civil Procedure §395(a). Venue in this Ninth District is proper in that Plaintiff STEPHEN CARUSO resides in San Diego County.

**19.** The Defendant's all transact business in San Diego County, and the conduct complained of occurred in San Diego County.

**20.** This is an action for damages which *exceeds $45,000.00 U.S. Dollars*

## III.   PRIVATE RIGHT TO ACTION

**21.** FCRA Sections 616 and 617, U.S.C. §1681o, create private right of action consumers can bring against violators of any provision of the FCRA with regards to their credit. In *DiMezza v. First USA Bank, Inc.* supra, the court confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15 U.S.C.§1681n and §1681o] provide a private right of action for a consumer against furnishers of information who have willfully or negligently failed to perform their duties upon notice of a dispute. [...] there is a private right of action for consumers to enforce the investigation reporting duties imposed on furnishers of information."

**22.** *Gorman v. MBNA America Bank*, N.A., No. 06-17226 further established Private Remedy Against Furnishers by consumers and FCRA Section 1681s-2(b) *triggers Defendants' furnisher's liability under this section*, since Plaintiff made his initial written disputes with the credit reporting agencies.

**23.** California Civil Code §1785.15(f) expressly states that consumers "have a right to bring civil action against anyone [...], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data"

1  concerning a consumer's credit report. Plaintiff has further right to action pursuant to

2  Cal. Civ. Code §1785.31(a), which states that Plaintiff as "any consumer who suffers

3  damages as a result of a violation of this title by any person may bring an action in a court

4  of appropriate jurisdiction against that person to recover actual, statutory, and punitive

5  damages together with attorneys fees and costs, pursuant to 15 U.S.C. §1692(d)(5), together

6  with such other and further relief as the Court may deem reasonable and just under the

7  circumstances.

8      **24.** *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist. Jan. 26, 2009)

9  established that consumers may re-plead their FCRA claims as violations of the CCRAA

10 and that State claims are not preempted by the FCRA. In further support, courts have

11 uniformly rejected creditors' and consumer reporting agencies' arguments that the FCRA

12 bars State law claims. See *Sehl v. Safari Motor* discussion); *Harper v. TRW*, 881F. Supp.

13 294 (U.S.D.C. S.D. Mich. 1995); *Coaches, Inc.*, 2001 U.S. Dist. Lexis 12638 (U.S.D.C.

14 N.D. Cal. 2001);*Rule v. Ford Receivables,* 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999);

15 *Watkins v. Trans Union*, 118F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000) *Swecker v. Trans*

16 *Union,* 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998); *Saia v. Universal Card Svc.*, 2000 U.S.

17 Dist. Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); *Sherron v. Private Issue*

18 *by Discover*, 977 F. Supp.2d 804 (U.S.D.C. N.D. Miss 1997); *Hughes v. Fidelity Bank*, 709

19 F. Supp.2d 639,  (U.S.D.C. E.D. Pa. 1989).

20     **25.** 15 U.S. C.§1692k(a) states that "... any debt collector who fails to comply with

21 any provision of this title with respect to any person is liable to such person in an amount

22 equal to the sum of-."

23     **26.** Cal Civ. Code §1788.30(a) states that "any debt collector who violates this title

24 with respect to any debtor shall be liable to that debtor only in an individual action..."

25 ///

26 ///

27 ///

28

# IV.   **THE PARTIES**

**27.**   Plaintiff STEPHEN CARUSO, (hereinafter "CARUSO") is a natural person and a resident of the State of California, San Diego North county, Vista, 92084.

**28.** Upon information and belief Defendant's DIVERSIFIED CONSULTANTS INC. (hereinafter "DCI") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative consumer debts from other companies. DCI's corporate office is located at 10550 Deerwood Park Blvd. #309, Jacksonville, Florida, 32256.

**29.**   Upon information and belief Defendant IC SYSTEM INC. (hereinafter "ICSI") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative consumer debts from other companies. ICSI's corporate office is located at 444 Highway 96 East, Saint Paul, Minnesota, 55164-0378.

**30.**   Upon information and belief Defendant CREDENCE RESOURCE MANAGEMENT, LLC., (hereinafter "CRM") is a nationwide consumer debt collection service which during the regular coarse of business purchases and collects on *alleged* negative consumer debts from other companies. CRM's corporate office is located at 17000 Dallas Parkway #204, Dallas, Texas, 75248.

**31.**   Upon information and belief Defendant's TRANS UNION LLC., (hereinafter " TU") is a National credit reporting agency ("CRA")  as defined by 15 U.S.C. §1681(f) with their corporate offices located at 2 Baldwin Place, Chester, PA 19022.

**32.**   Upon information and belief defendant EXPERIAN is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, EXPERIAN is also authorized to do business in California, with a corporate headquarters located at 475 Anton Blvd., Costa Mesa, CA. 92626. Upon information and belief the registered *CEO is Brian Cassin*. Defendant EXPERIAN is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

**33**. Upon information and belief defendant DOES 1 thru 10 inclusively are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. Does 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff CARUSO's that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiff CARUSO has notified them of the false or inaccurate derogatory consumer credit information, and also who have reported such accounts as derogatory credit references to credit reporting agencies (hereinafter "CRA").

**34.** Plaintiff CARUSO  does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively, under the provisions of Section §474 of the California Code of Civil Procedure.

**35.** Plaintiff CARUSO is informed and believes and on that basis alleges that defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively or as its agents, servants, employees and/or joint ventures and as set forth in this Complaint, and that each of them are legally liable to Plaintiff CARUSO , as set forth below and herein:

**a.** Said Officers, directors or managing agents of defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively personally acted willfully with respect to the matters alleged in this Complaint;

**b.** Said Officers, directors or managing agents of defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint ventures of defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively did so act;

1    **c.**    Said Officers, directors or managing agents of defendants DCI, ICSI,
2    CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively personally participated in the acts
3    alleged herein;

4    **d.**    Said Officers, directors or managing agents of defendants DCI, ICSI,
5    CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively, personally had close supervision of
6    their agents, servants, employees and/or joint ventures of defendants CBB, EQIFAX, TU,
7    EIS and DOES 1-10 inclusively;

8    **e.**    Said Officers, directors or managing agents of defendants DCI, ICSI,
9    CRM, TU, EXPERIAN, DOES 1 thru 10 inclusively personally were familiar with the facts
10   regarding the matters alleged herein;

11   **f.**    Said Officers, directors or managing agents of defendants DCI, ICSI,
12   CRM, TU, EXPERIAN, DOES 1 thru 10 personally failed to investigate the circumstances
13   appertaining to the acts alleged herein. They also failed and refused to repudiate the
14   herein alleged actions and failed to redress the harm done to plaintiff CARUSO.

15   **g.**    Furthermore, said Officers, directors, or managing agents of defendants
16   DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 failed and refused to punish or
17   discharge the said agents, servants, employees and/or joint venturers of the Defendants.
18   Plaintiff CARUSO will seek leave to amend this complaint to set forth the true names and
19   capacities of the said fictitiously named defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1
20   thru 10  as enumerated above, together with appropriate charging allegations, when learned.

21   **36.**    Plaintiff CARUSO is informed and believes, and thereon alleges that at all
22   relevant times herein each Defendant, whether actually or fictitiously named, was the
23   principal, joint venturer, agent, servant or employee of each other Defendant, and in acting
24   as such within the course, scope and authority of such relationship, took some part in acts
25   and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff
26   for the relief prayed for in this Complaint, and any future amended Complaint. Furthermore,
27   Plaintiff CARUSO alleges that each act alleged herein, whether by named defendants DCI,
28   ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10 or fictitiously named defendants or

1  otherwise, was expressly authorized or ratified, as these terms are used in California Civil

2  Code Section §3294(b), by each and every other Defendant herein, whether named or

3  fictitiously named.

4     **37.**   Collectively, these defendants DCI, ICSI, CRM, TU, EXPERIAN, DOES 1 thru 10

5  hereto will be referred to as "credit bureau defendants" or "credit agency defendants", is a

6  consumer creditor which, among other activities, reports allegedly delinquent consumer debts to

7  credit bureaus and is a "furnisher" of negative consumer credit to credit bureau defendants.

8

9  # V.  **FACTUAL ALLEGATIONS**

10    **38.**   Plaintiff CARUSO has *never had any prior or present established relationship*

11 with the defendant's DCI, ICSI, CRM, DOES 1 thru 10 as it pertains to *ANY* negative

12 consumer debt account or *any other alleged accounts in any amounts*.

13    **39.**  Plaintiff CARUSO *has no contractual obligation* to defendant's DCI, ICSI,

14 CRM, DOES 1 thru 10 *to pay them anything*.

15    **40.**  Plaintiff CARUSO *has never given* defendant's DCI, ICSI, CRM, DOES 1 thru 10

16 *express written permission* to call Plaintiff's cellular phone more than [35] thirty five times,

17 *many times before 8 am in the morning & after 9pm at night more than once in the same*

18 *business day*, between the dates of October 03, 2017 up to today's date.

19    **41.**  Defendant's DCI, ICSI, CRM, DOES 1 thru 10 hereto illegally placed more

20 than thirty (35) harassing debt collection calls to plaintiff's private emergency cell phone

21 number (760) 840-1812 from these phone numbers:

22              **DCI**   -  (800) 771-5361, (877) 770-1039,

23              **ICSI**  - (888) 474-8322, (800) 443-4123, (800) 279-7244,

24              **CRM** - (855) 880-4791.

25    **42.**  Many of these more than [35] thirty five illegal debt collection calls were made

26 *in the same business day*, [i.e.one day the defendant's DCI, ICSI, CRM called plaintiff

27 CARUSO'S emergency cell phone a combination of seven (7) times, clearly violating

28 15 U.S.C. §1692c(a) of the (FDCPA).

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                    **PAGE 12**

43.   Plaintiff CARUSO hereby moves this Ninth District honorable court to take "Judicial Notice" that **_none_** of the more than [35] thirty five harassing consumer debt collection calls illegally placed by defendant's DCI, ICSI, CRM between the dates of October 03, 2017 and today's date **_were made for emergency purposes_**, clearly violating United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the United States  (TCPA) laws.

44.   The so stated [35] illegally placed calls by defendant's DCI, ICSI, CRM to plaintiff CARUSO'S private emergency cell phone number is *at this time of filing* much greater or more than [35] thirty five illegally placed calls, some of the named defendant's have called Plaintiff CARUSO more than [100] *one hundred times* at all hours of the day.

45.   Plaintiff CARUSO further informs this honorable court that between the dates of October 03, 2017, and today's date defendant's DCI, ICSI, CRM called plaintiff's emergency cell phone number (760) 840-1812 from phone numbers (800) 771-5361, (877) 770-1039, (888) 474-8322, (800) 443-4123, (800) 279-7244,  (855) 880-4791 more than [35] thirty five times, *many times placing numerous harassing collection calls in the same business day* clearly violating the TCPA's strict statutory guidelines *by using automatic telephone dialing system capabilities or artificial or prerecorded messages or voices.*

46.   Between the dates of October 03, 2017 and today's date defendant's DCI, ICSI, CRM illegally placed harassing debt collection calls to plaintiff's emergency cell phone number (760) 840-1812 more than [35] thirty five times *asserting a right which it lacks to wit, the right to enforce* a consumer debt allegedly owed by plaintiff CARUSO to by these same said defendants.

47.   Between the dates of October 03, 2017 and today's date, defendant's DCI, ICSI, CRM called plaintiff's cell phone number (760) 840-1812 more than [35] thirty five times *[During many of these calls failed to identify that they were consumer debt collectors trying to collect on a alleged negative consumer debt]* allegedly owed to defendants by Plaintiff CARUSO.

**48.**   On numerous occasions plaintiff CARUSO has demanded in writing that above-named defendant's DCI, ICSI, CRM provide plaintiff CARUSO with written "verification" and consumer debt validation as defined by 15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and Laws, as it pertained to any/all alleged consumer debt[s], to date all defendant's in the above-entitled case have ignored all attempted communications by phone, email, in writing, or otherwise,  clearly demonstrate willful and non-compliance with 47 U.S.C. §227(b)(1)(A), (TCPA).

**49**  Defendant's DCI, ICSI, CRM by and thru their above-described actions violated the strict statutory guidelines set forth in §1692d of the Fair Debt Collections Practices Act (FDCPA) *by engaging in conduct the natural consequences of which is to harass, oppress, or abuse* the plaintiff  by calling his cell phone on more than [35] thirty five separate occasions over one year period of time from October 03, 2017 to today's date.

**50.**   Many of these cell phone calls were placed  before the very early morning hours of *8:00 am and after the late evening hours of 9:00 pm at night,* another direct statutory violation of Federal Rules and Civil Procedures.

**51.**   Many of *these same abusive calls* were placed *multiple times on the very same day,* all of which the plaintiff has to pay for on his monthly cellular phone bills.

**52.**   Defendant's DCI, ICSI, CRM , *clearly violated* section §1692d(5) of the Fair Debt Collection Practices Act (FDCPA) and at the *very same time* violated the California Rosenthal Fair Debt Collection Practices Act Section §1788.17 (CFDCPA),  by calling plaintiff CARUSO on his emergency cell phone on more than [35] thirty five separate occasions and caused Plaintiff CARUSO's cellular phone to ring repeatedly and continuously with the intent to annoy, abuse, or harass him into paying alleged consumer debts owed to the defendant's named herein.

**53.**   The same *consumer business debt[s]* allegedly owed to all of the defendant's herein arose out of a transaction that was primarily for *personal, family,or household purposes.*

54.    As plaintiff CARUSO *has no business debt*, this same *alleged business debt* presently sought now by defendant's DCI, ICSI, CRM *could only have been used for personal, family, or household purposes*.

55.    During this same more than three year period of time the defendant's DCI, ICSI, CRM totally ignored all written attempts by plaintiff CARUSO to *cease and desist* all collection activities *immediately*, *instead*, these same defendant's commenced an ongoing almost daily campaign over *a more than one year period of time* to harass, abuse and coerce plaintiff CARUSO into paying an alleged consumer debt he has never owed.

56.    Plaintiff CARUSO wrote several certified letters to defendant's DCI, ICSI, CRM disputing and re-disputing the alleged debt and negatively reported credit line which ALL went ignored or un-answered and ALL of Plaintiff CARUSO'S requests for an investigation and re-investigations of the alleged debt which did not happen.

57.    On September 23, 2018 , Plaintiff CARUSO sent defendant's DCI, ICSI, CRM a Notice of Intention to Commence Action by Certified Mail Receipt No # 7015 0640 0000 4511 4065 in an attempt to settle this issue informally without Court intervention to date defendant's DCI, ICSI, CRM have fully ignored.

## VI.   COUNT I
### VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227(b)(1)(A) AGAINST DEFENDANT'S DCI, ICSI, CRM

58. Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 47 herein.

59.    In 1991, Congress enacted th TCPA [1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

60.    The TCPA regulates, amongst other things, the use of Voice and ATDS systems. Specifically, the *plain language* of **Section §227(b)(1)(A)** prohibits the use of an ATDS system to make any call to a wireless number, or to use a Voice system during such a call, in the absence of *an emergency* or the *prior express written consent* of the called party.[2]

**61.**   According to findings by the FCC, the agency Congress vested with the authority to issue regulations implementing the TCPA, such calls are strictly prohibited because, as Congress found, telephone calls using a Voice or an ATDS system are a _greater nuisance and invasion of privacy_ than _live solicitation calls,_ and such calls can be _costly and inconvenient to the called party_. The FCC also recognized that _wireless customers are charged for incoming calls whether they pay in advance or after the cell phone minutes are used_. [3]

**62.**   On January 4, 2008, the FCC released a Declaratory Ruling wherein itwas confirmed that all Voice and ATDS consumer debt collection calls to a wireless cell phone number by a creditor or consumer debt collector are permitted only if the calls are made with the "_prior express written consent_" of the called party. [4]

**63.**   The FCC "emphasize[d] that prior express written consent is deemed to be granted only if the wireless number was provided during the transaction that resulted in the debt owed. [5]

**64.**   This same Declaratory Ruling of 2008 further dictates that:
" a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for _any_ violation of the Commission's rules. Calls placed by a third party debt collector on behalf of that creditor are treated as if the creditor itself placed the call ."[6]

**65.**   Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the defendants CBB and DOES 1-10 to _demonstrate_ that plaintiff CARUSO gave his _prior express written consent_ to use a Voice and/or a ATDS system to place numerous calls to his cell phones within the meaning of the statute. [7]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.
[2] 47 U.S.C. §227(b)(1)(A).
[3] _Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991_, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] _In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991_ ("FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] _FCC Declaratory Ruling_, 23 F.C.C.R. at 564-65 (¶ 10).
[6] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codiified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.

66.    At all times pertinent hereto, defendant's DCI, ICSI, CRM, have  conducted their business's by engaging in consumer debt collection practices.

67.    The defendant's DCI, ICSI, CRM , all of them have made hundreds of thousands of telephone calls to the cellular telephones of consumers for the purposes of collecting consumer debts allegedly owed to them, or, consumer debt's bought directly from the original consumer creditor by them.

**I.     FIRST CHALLENGED PRACTICE:**
**Debt Collector's CBB and Does 1 Through 10**
**made Calls To Plaintiff's Cellular Telephones Using a**
**Voice And/Or ATDS System** .

68.    At all times pertinent hereto, the defendant's DCI, ICSI, CRM , as Debt Collectors, have utilized a Voice and/or a ATDS system during consumer debt collection calls made to the cellular telephones of consumers who *had not*, during the transaction that resulted in the alleged consumer debt, previously given defendant's DCI, ICSI, CRM , *express written permission or consent* to *receive such calls*.

69.    Calls utilizing Voice and/or a ATDS system allow defendant's DCI, ICSI, CRM, to *collect more consumer debt*.

70.    At all times pertinent hereto, defendant's DCI, ICSI, CRM , have utilized a Voice and/or a ATDS system during debt collection calls which is one of this "industries newest innovations" which is "agentless" and can place hundreds of recorded messages as consumer debt reminders all in the same business day."

71.    At all times pertinent hereto, defendant's DCI, ICSI, CRM , all consumer debt collectors, have utilized a Voice and/or a ATDS system  including a predictive dialer, to make debt collection calls to the private cellular telephones of consumers who had not, during the transaction that resulted in the alleged consumer debt, *ever* previously given defendant's DCI, ICSI, CRM *express written permission or consent* to receive such calls.

72. A predictive dialer is a Voice and/or a ATDS system within the meaning of the TCPA, because it is equipment that, when paired with certain computer software, has the capacity to store or produce telephone numbers to be called and without human intervention to dial such numbers at random, in sequential order, and/or from a database of numbers.

73. Defendant's DCI, ICSI, CRM , have entered into written contracts with all of its subsidiaries to use predictive dialers, for example:

> **i.e. the terms of the Collection Services Agreement utilized by defendant's DCI, ICSI, CRM , require that consumers be contacted " via Voice and/or a ATDS predictive dialer system in an effort to collect on past due balances." See Lee v. Credit Mgmt., LP, 2012 WL 113793, at \*11 & n.17 (S.D. Tex. 2012).**

74. Calls utilizing a Voice and/or a ATDS system allows each and every defendant described herein *to collect more debt*.

75. At all times pertinent hereto, defendant's DCI, ICSI, CRM, have been fully aware that its employees/personnel have utilized an Voice and/or a ATDS system because, *inter alia*, the use of an Voice and/or a ATDS system is standard industry practice among consumer debt collectors., the "predictive dialer enables us to reach more of our client's while maintaining a cost-effective approach"and that the "dialer \*\*\* completes call campaigns more quickly\*\*\* conducts the most effective calling strategies \*\*\*."

76. On information and belief, within the past [5] five years, defendant's DCI, ICSI, CRM, have placed tens of thousands of Voice system and/or ATDS calls to the emergency cellular telephones of consumers *who had not*, during the transaction that resulted in the alleged consumer debt, *previously given* defendant's DCI, ICSI, CRM, *prior express written  consent* to receive such calls.

II. **Second Challenged Practice:**
Defendant's DCI, ICSI, CRM
Making Calls To Plaintiff CARUSO's Cellular
Telephone Using a Voice And/Or ATDS System.

77. At all times pertinent hereto, defendant's DCI, ICSI, CRM, have utilized a Voice and/or a ATDS system during consumer debt collection calls to the cellular telephones of consumers who *had not*, during the transaction that resulted in the consumer debt, *previously* defendant's DCI, ICSI, CRM, *express written consent* to receive such calls.

**78.** At all times pertinent hereto, defendant's DCI, ICSI, CRM, have also utilized an Voice and/or a ATDS system , including a *predictive dialer*, to make consumer debt collection calls to the cellular telephones thousands of consumers who had not, during the transaction that resulted in the debt, previously given defendant's DCI, ICSI, CRM, *express written consent* to receive such calls.

### III.   Plaintiff STEPHEN CARUSO

**79.**   Plaintiff STEPHEN CARUSO  is a "person" as defined by 47 U.S.C.§153(39).

**80.**  On October 07, 2017, plaintiff CARUSO received the first automated illegally placed telephone call at 7:03 am, since that date the defendant's have commenced an almost daily debt collection campaign with more than [35] thirty five more automated recorded telephone calls to follow. It is now Plaintiff CARUSO'S firm belief that if you add up all of the combined illegal telephone calls place to plaintiff CARUSO over the past year or more add up to over [100] one hundred illegally placed calls.

**81.**  Defendant's DCI, ICSI, CRM placed a multitude of other calls to plaintiff CARUSO's private cell phone number over the past year and a half, *more illegally received calls than plaintiff CARUSO cares to document in this Complaint* , he ended up paying for all of these unwanted illegal calls on his monthly cell phone bills. Finding *the exact amount* of these *illegally placed debt collection calls* can be found out by plaintiff CARUSO or his council during the Discovery process of this Complaint/lawsuit.

**82.**   Plaintiff CARUSO *has no past or present business relationship or otherwise with* Defendant's DCI, ICSI, CRM , there exists *no written or oral contract[s]* between plaintiff CARUSO and Defendant's DCI, ICSI, CRM *for arbitration or otherwise*.

**83.**   Defendant's DCI, ICSI, CRM *utilized a* Voice and/or ATDS *during at least 90% of the* [35] thirty fifty illegally placed cellular calls to the plaintiff's emergency cellular phone described above.

**84.**   *All of the* Voice and/or ATDS *calls described above were placed by* defendant's DCI, ICSI, CRM , to plaintiff CARUSO's cellular phones *solely to collect a consumer debt allegedly owed to the* phones by plaintiff CARUSO.

85. **(TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT VOICE AND/OR ATDS SYSTEM:**

**(1)** PROHIBITIONS - <u>It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States</u> -

**(A)** <u>to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice</u> .

86. Defendant's DCI, ICSI, CRM *have demonstrated willful and knowing non-compliance* with **47 U.S.C. §227(b)(1)(A)** *by using an automatic telephone dialing system* to call the Plaintiff's cell phone number from October 03, 2017 to the present date more than [35] thirty five times. All of these call from the dates of January 07, 2013 and today's date (760) 840-1812 has been listed on the "National Do Not Call List" since August 20, 2010.

87. Defendant's DCI, ICSI, CRM have committed more than [35] thirty five separate strict statutory violations of **47 U.S.C. §227(b)(1)(A)**. Accordingly Plaintiff CARUSO is *entitled* to statutory damages in the amount of $500 dollars U.S. for the **first** *"unintentional"* consumer collection call made to plaintiff CARUSO by the Defendant's DCI, ICSI, CRM on October 07, 2017, pursuant to **47 U.S.C. §227(b)(1)(A).**

88. Plaintiff CARUSO is *also entitled to* treble damages in the amount of $1500.00 U.S. dollars for <u>each</u> of the additional [34] thirty four *"intentional"* consumer debt collection calls placed by defendant's DCI, ICSI, CRM , to the plaintiff's private emergency cell phone numbers  (760) 840-1812.  After this initial first *"unintentional"* call pursuant to **47 U.S.C. §227(b)(3)(B).**

89. Defendant's DCI, ICSI, CRM have demonstrated *willful and knowing non-compliance* with **47 U.S.C. §227(b)(3)(B)** as those calls were <u>ALL</u> *"intentional"*, meaning the last [34] thirty four consumer debt collection calls intentionally placed by defendant's DCI, ICSI, CRM to plaintiff CARUSO's cellular phone are ***subject to treble damages, or $1500 per call*** pursuant to **47 U.S.C.§227(b)(3)(B).**

**90.** Plaintiff CARUSO and defendant's DCI, ICSI, CRM and DOES 1-10 inclusively, *do not* have an *established business relationship* within the meaning of **47 U.S.C. §227** *et seq.*

**WHEREFORE,** Plaintiff, CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively for the following:

**91.** Declaratory judgement that the defendant's conduct violated **[ TCPA ] 47 U.S.C. §227** *et seq.*;

**92.** Statutory damages of $51,500.00 for all [35] illegally placed intentional harassing debt collection calls pursuant to **[ TCPA ] 47 U.S.C. §227** *et seq.*;

**93.** Costs and reasonable attorneys fees pursuant to the **FDCPA Act 15 U.S.C. §1692** *et seq.*

**94.** Any other relief that this Honorable Court deems appropriate.

**47 U.S.C. §227** *et seq.*, together with such other and further relief as this court may deem reasonable and just.

### VII.   COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. §1692(c)(a)(1) AGAINST DEFENDANTS DCI, ICSI, CRM

**95.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 94 herein.

**96. 15 U.S.C. §1692(c)(a)(1) states in part;**

> **COMMUNICATION WITH THE CONSUMER GENERALLY** without the *prior express written consent* of the consumer given directly to the consumer debt collector or the *express permission* of a court of competent jurisdiction, a consumer debt collector *may not* communicate with the consumer in connection with the collection of the debt.

**97.** As previously alleged, defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively, are all "debt collectors" within the meaning of the Fair Debt Collection Practices Act, **15 U.S.C. Section §1692** *et seq.* defendants are all engaged in conduct proscribed by **15 U.S.C. Section §1692e(8)**, namely, "Communicating or threatening to communicate to any person negative consumer credit information which is known or which

should have known to be false, including the failure to communicate that a disputed

consumer debt is disputed" Plaintiff CARUSO reserves the right to allege other violations

of the FDCPA as the facts of this case unfold.

98.   Plaintiff CARUSO alleges defendant's DCI, ICSI, CRM and Does 1 thru 10

inclusively, all *violated other statutory provisions* of the Federal Fair Debt Collection

Practices Act, as follows:

a. 15 U.S.C. Section §1692d: defendant's DCI, ICSI, CRM and Does 1 thru 10

inclusively, and engaged in consumer debt collection efforts after they knew, and had determined,

that they had no basis for continuing to pursue plaintiff CARUSO that had the natural

consequences of harassing, abusing and oppressing the plaintiff *in concert or in conjunction*

*or unison with other named defendants contained herein in the above-entitled federal complaint*.

b. 15 U.S.C. Section §1692e: defendant's DCI, ICSI, CRM and Does 1 thru 10

inclusively *have threatened action, or taken action, including threats of negative credit reporting,*

*threats of lawsuits and implicit or explicit threats of derogatory negative credit reporting, that*

*cannot legally be taken because the alleged debt is not* Plaintiff CARUSO's *consumer debt*

c. 15 U.S.C. Section §1692f: defendant's DCI, ICSI, CRM and Does 1 thru

10 inclusively have each used unfair or unconscionable means to collect or attempt to

collect the alleged debt. Specifically, each has attempted to collect amounts not expressly

authorized by law or by any agreement, and have continued to attempt collection in spite of

cancellation of the underlying agreement.  In essence, there is no agreement and no

obligation by which Mr. CARUSO owes any monies to defendant's DCI, ICSI, CRM and

Does 1 thru 10 inclusively yet defendants persists to this day in their ongoing concerted

campaign and harassing consumer collection efforts.

99.   Defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively knew, or should

have known that they placed more than [35] thirty five Voice and/or automated Voice or

ATDS system calls to plaintiff's emergency cell phone numbers (760) 840-1812 more than

[35] thirty five times, between the dates of October 03,2017 to the present day, were both

inconvenient, annoying, and cost him money on his cell phone bills that he had to pay for.

**100.**  All of these calls were made *deliberately and intentionally, thus,* defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively have committed [35] thirty five separate and distinct statutory violations of 15 U.S.C. §1692(c)(a). *Every single one* of these illegally placed calls were illegally placed by defendant's defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively *without* the *prior express written consent* of the consumer plaintiff CARUSO.

**101.**  As a result of these statutory violations of the Federal Fair Debt Collection Practices Act by defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively, plaintiff CARUSO has suffered general and special damages according to proof, and is entitled to a statutory penalty for each separate violation of this Act.

**WHEREFORE,**   Plaintiff, CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively for the following:

**102.** Declaratory judgement that the defendant's DCI, ICSI, CRM and Does 1 thru 10 conduct violated the **[ FDCPA ] 15 U.S.C. *§1692 et seq.*;**

**103.**  Statutory damages of $1,000.00 for each violation pursuant to the **[ FDCPA ] 15 U.S.C. *§1692 et seq*.**

**104.**  Costs and reasonable attorneys fees pursuant to the **[ FDCPA ]15 U.S.C. *§1692 et seq.***

**105.**  Any other relief that this Honorable Court deems appropriate.

**VIII.   COUNT I**
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT**
**[FDCPA]§1692(d)(5) BY DEFENDANT'S DCI, ICSI, CRM AND DOES 1-10**

**106.**  Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 105 herein.

**107.  [ FDCPA ] 15 U.S.C. §1692(d) states in part;**

> **A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress,  or abuse any person in connection with the collection of a consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**108. [ FDCPA ] 15 U.S.C. §1692(d)(5) states in part;**

> **Causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.**

109.   Defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively, continuously violated **[ FDCPA ] 15 U.S.C. §1692(d)(5)** by calling plaintiff's cell phone number more than [35] thirty five times, [ *many times before 8:00 am in the morning* or 9pm at night] [many times calling *multiple times in the same day* ] directly causing the plaintiff's personal cell phone to ring repeatedly and continuously with the *intent* to *annoy, abuse, or harass* the plaintiff.  Every single one of these placed calls were placed  by defendant's DCI, ICSI, CRM and Does 1 thru 10 *without* the *prior express written consent* of the consumer, plaintiff CARUSO

110.   During this same three year period of time between October 03, 2017 to the present day defendant's DCI, ICSI, CRM and Does 1 thru 10 staff/personnel intentional and repeatedly called plaintiff CARUSO more than [35] times on his emergency cell phone number (760) 840-1812, these same illegally placed harassing debt collection calls have caused plaintiff undue *stress, confusion,* and *long term nervousness* and *embarrassment* applying for fair housing or credit lines, including *unexpected increased cell phone bills that this plaintiff could ill afford.*

111.   Plaintiff CARUSO alleges that defendant's DCI, ICSI, CRM and Does 1 thru 10 caused his cell phones to ring on more than [35] thirty five separate occasions between the dates of October 03, 2017 to the present day, by causing him to answer these calls and either engage in a lengthy conversations with defendant's DCI, ICSI, CRM and Does 1 thru 10 staff or, have to listen to numerous pre-recorded messages left by defendant's staff on plaintiff CARUSO'S emergency cell phone message service accounts, which plaintiff CARUSO *has to pay monies for that he can ill afford.*

**WHEREFORE,** Plaintiff, STEPHEN CARUSO respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

112.   Declaratory judgement that the defendant's DCI, ICSI, CRM and Does 1 thru 10's illegal conduct violated the **[ FDCPA ] 15 U.S.C. §1692(d)(5).**

113.   Statutory damages of $1,000.00 for **each** violation pursuant to the **[ FDCPA ] 15 U.S.C. §1692 (d)(5).**

**114.**   Costs and attorneys fees pursuant to the **[ FDCPA ] 15 U.S.C. §1692 (d)(5).**

**115.**   Any other relief that this Honorable Court deems appropriate.

### VIIII.   COUNT IV
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT [ FDCPA ] 15 U.S.C. §1692(d)(6) BY DEFENDANT'S DCI, ICSI, CRM AND DOES 1 THRU 10

**116.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 113 herein.

**117. [ FDCPA ] 15 U.S.C. §1692(d)  states in part;**

> **A consumer debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged consumer debt.**
> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> ***The placement of telephone calls without meaningful disclosure of the caller's identity.***

**118**.   Defendant's DCI, ICSI, CRM and Does 1 thru 10  staff/personnel violated **[ FDCPA ] 15 U.S.C. §1692(d)(6)** by illegally placing more than [35] thirty five automated and/or voice debt collection calls to plaintiff CARUSO's cell phone between the dates of October 03,2017 and the present day. On several occasions these very same calls were made without meaningful disclosure of the caller Defendant's DCI, ICSI, CRM and Does 1 thru 10's true identity. All [35] thirty five illegally placed calls were independently placed at different times.

**119.**   Every single one of these more than [35] thirty five phone calls placed by defendant's DCI, ICSI, CRM and Does 1 thru 10, were being made *without* the *prior express written consent* of the consumer plaintiff CARUSO.

This added to the plaintiffs daily confusion and anxiety about these very same calls.

> ***i.e.***   ***Who is this person or machine on the other end of the phone?***
> ***Why are they calling me almost every day, many times a day?***
> ***Why are they leaving these strange messages?***
> ***Why won't the people (when they do come on the line)***
> ***not listen to me and stop calling me?***

**120.**   Defendant's DCI, ICSI, CRM and Does 1 thru 10 are using the fact that the plaintiff has added stress issues due to the defendant's  continually calling his personal emergency cell phones *sometime's more than once a day*, to *harass, annoy* and *coerce* him into paying an **alleged non-existent consumer debt**.

**121.**   Defendant's DCI, ICSI, CRM and Does 1 thru 10, *thru mailed  dunning letters and over [35] thirty five harassing phone calls* to plaintiff CARUSO *all the while threatening* to report this same alleged non-existent consumer debt item to be placed by defendant's on all three National consumer credit reporting agencies that record and report plaintiff CARUSO's credit. ***These very same  illegal business activities  border  on the edge of professional business extortion practices.***

**WHEREFORE,**   Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

**122.**   Declaratory judgement that the Defendant's illegal conduct violated **[ FDCPA ] 15 U.S.C. §1692(d)(6)**.

**123.**   Statutory damages of $1,000.00 for **each** violation pursuant to the **[ FDCPA ] 15 U.S.C. §1692(d)(6).**

**124.**   Costs and reasonable attorneys fees pursuant to **[ FDCPA ] 15 U.S.C. §1692(d)(6).**

**125.**   Any other relief that this Honorable Court deems appropriate.

## X.   COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT [FDCPA] 15 U.S.C.§1692(e)(10) BY DEFENDANTS DEFENDANT'S DCI, ICSI, CRM DOES 1-10

**126.**   Plaintiff CARUSO  re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 125 herein.

**127.**   Defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively violated **[FDCPA] 15 U.S.C. §1692(e)(10)** by the use of false representation or deception means to collect or attempt to collect a debt or to obtain information concerning a consumer.

**128**   Defendant's DCI, ICSI, CRM and Does 1 thru 10's staff *lied* to plaintiff CARUSO on *numerous occasions* starting before October 03,2017 with numerous harassing debt collection dunning letters threatening to place negative credit line[s] on plaintiff CARUSO'S personal credit reports, and continuing their ongoing illegal debt collection campaign to the present day to gain information about the Plaintiff CARUSO .

**129.   15 U.S.C. §1692(e) states in part;**

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any consumer debt. Without limiting the general application of the foregoing. The following conduct is a violation of this section:**

**130.   15 U.S.C. §1692(e)(10) states in part;**

> **The use of any false representation or deceptive means to collect or attempt to collect a consumer debt or obtain information about a consumer.**

**131.**   Defendant's DCI, ICSI, CRM and Does 1 thru 10 not only *ignored* this same *demand* for ***certification/validation*** of the alleged consumer debt, these above named consumer business entities commenced a campaign for over the past year to harass, oppress, threaten, confuse and cause plaintiff CARUSO to experience long term emotional distress and confusion while at work, driving or at home trying to rest.

**132.**   These [35] thirty five illegally placed debt collection calls all placed by Defendant's DCI, ICSI, CRM and Does 1 thru 10's staff constitute more than [35] thirty five separate and distinct statutory violations,

> **[ i.e. if I dent your car on a Monday backing out of my driveway and then do it again on Wednesday and again on Friday, that's [3] three separate and distinct occurrences or violations, ]**

as defined by **[FDCPA] 15 U.S.C.§1692g(1)(2)(5)(b)** of the statutes of the United States of America and the California Consumer Protection Statutes/Laws.

**WHEREFORE,** Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

**133.** Declaratory judgement that the Defendant's illegal conduct violated **[ FDCPA ] 15 U.S.C. §1692(d)(6)**.

**134.** Statutory damages of $1,000.00 for **each** violation pursuant to the **[ FDCPA ] 15 U.S.C. §1692(d)(6).**

**135.** Costs and reasonable attorneys fees pursuant to **[ FDCPA ] 15 U.S.C. §1692(d)(6).**

**136.** Any other relief that this Honorable Court deems appropriate.

### XI.   COUNT VI
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 et seq. WILLFUL OR NON-COMPLIANT BY DEFENDANT'S DCI, ICSI, CRM, TU, EXPERIAN, AND DOES 1-10

**137.** Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 136 herein.

**138.** a.      Defendant DIVERSIFIED CONSULTANTS INC. "DCI" is a Florida Corporation with a corporate office located in Jacksonville, Florida.

**139.** b.      Defendant IC SYSTEMS INC. "ICSI" is a Minnesota Corporation with a corporate office located in Saint Paul, Minnesota.

**140.** c.      Defendant CREDENCE RESOURCE MANAGEMENT "CRM" is a Texas Corporation with a corporate office located in Dallas, Texas.

d.      Defendant TRANS UNION LLC, is a Consumer Reporting Agency as defined by 15 U.S.C. §1681(f), with a corporate office located in Chester, PA,

e.      Defendant EXPERIAN INFORMATION SOLUTION INC.,  is a Consumer Reporting Agency as defined by 15 U.S.C. §1681(f), with a corporate office located in Allen, TX,

**141.** In or around April 10, 2018 Plaintiff CARUSO, who is not a minor, checked his consumer credit report from all three national credit reporting agencies, Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered three negative consumer

1  credit accounts reported by defendant's DCI, ICSI, CRM, TU, EXPERIAN and
2  Does 1 thru 10 inclusively, placed on his personal consumer credit report, the first negative
3  account dated 12/17/2017, the second negative account on 02/06/2018 and a third on
4  03/26/2018. All of these negative credit accounts were unfamiliar to plaintiff CARUSO,
5  as he did not recall ever opening them and *he was never informed by any of these furnishers*
6  or CRA's of *their negative credit reporting* activities.

7      **142.**   On or about April 10, 2018 Plaintiff CARUSO contacted the defendant's
8  DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively, via US post office
9  certified mail and disputed the negatively reported credit lines and requested an
10 investigation of these alleged negatively reported credit lines.
11 pursuant to 15 U.S.C. §1681s-2(b) (FCRA).

12     **143.**   On or about May 15, 2018, following his credit bureau disputes, Plaintiff
13 CARUSO sent a second set of certified demand letters to these same defendant's DCI,
14 ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively, in which he *demanded*
15 documentation substantiating the existence, ownership and *accuracy* of the negative
16 consumer credit accounts reported by each of them, *he also demanded a re-investigation as*
17 *to the validity of each negatively reported account, and to immediately delete these same*
18 *negative accounts from his credit file*.

19     **144.**   Upon receipt of plaintiff CARUSO's disputes these same named defendant's
20 DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively, each continued to
21 report disputed accounts on his consumer credit report, without notice that the accounts had
22 been disputed by plaintiff, all throughout the investigation period and thereafter.
23 They further failed to properly address plaintiff CARUSO's direct disputes with them and
24 *failed to provide for his requested* "verification" and "validation" for these disputed
25 negative consumer accounts.

26     **145.**   On or about July of 2018 Plaintiff CARUSO followed up with the defendant's
27 DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively on multiple occasions
28 via written certified demand letters, re-submitted his requests and *re-demanding immediate*

1    *deletion of the unverified accounts due to lack of verification*. Each of these

2    correspondences went *completely unanswered, ignored*, or were *improperly handled*, all of

3    his efforts and correspondences proved *unsuccessful* in attaining *any of the defendant's*

4    *cooperation whatsoever*.

5       **146.**   Regardless of plaintiff CARUSO's numerous attempts to seek defendant's

6    cooperation and of the aforementioned defendant's each and every one of them

7    continuously, to date, failed to answer back to plaintiff CARUSO with appropriate proof of

8    investigation and re-investigation or verification/validation/certification of the information

9    in dispute and failed to take **any** corrective action.

10      **147.**   These very same inaccurate presently negatively reported consumer credit

11   accounts reflect very negatively upon plaintiff as a consumer, borrower, debtor, his ability

12   to gain employment and decent housing, these same negative consumer credit lines

13   impacted plaintiff CARUSO's creditworthiness and financial standing, relationships with

14   his girlfriends or potential wives.

15      **148.**   Plaintiff CARUSO has suffered financial and emotional distress as a direct

16   result of defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10's numerous

17   illegal violations, which include but are not limited to the following:

18         **a.**   Actual damages arising from monetary losses related to denials to new

19   credit, loss of use funds, loss of credit and loan opportunities, excessive and/or elevated

20   interest in financial charges;

21         **b.**   Out of pocket expenses associated with communicating with defendant's

22   DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10  disputing the negative credit

23   information, and fees paid to attorneys and credit professionals for the assistance attained

24   in the process;

25         **c.**   Emotional distress and mental anguish associated with having derogatory

26   credit information transmitted about plaintiff to other people both known and unknown;

27         **d.**   Decreased credit score and creditworthiness, which may result in the inability to

28   obtain credit,employment or affordable housing without larger security deposits on future attempts.

**149.**   Defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 knowingly and willfully violated the FCRA.  Defendant's strict statutory violations include but are not limited to the following:

   **a.**   Failing to inform plaintiff about negative credit reporting made on his credit report, prior to within five (5) days of furnishing a collection account to the CRAs, in violation of [ **FCRA** ] **15 U.S.C. §1681s-2(a)(7)(A),;**

   **b.**   Failing to conduct a proper and complete investigation of disputed negative consumer credit information upon the receipt of Plaintiff CARUSO's disputes in violation of [ **FCRA** ] **15 U.S.C.§1681s-2(a)(8)(E);**

   **c.**   Failing to verify  disputed accounts with the CRA's  prior to conducting a thorough investigation and without having substantiating support for such verification;

   **d.**   Reporting disputed information to the CRAs, without notice of plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of [ **FCRA** ] **15 U.S.C.§1681s-2(a)(3);**

   **e.**   Out of pocket expenses associated with the communication with defendants, disputing the negative consumer credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process.

   **WHEREFORE,**   Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

   **150.**   Declaratory judgement that the Defendant's illegal conduct violated [ **FCRA** ] **15 U.S.C.§1681** *et seq*.

   **151.**   Statutory damages of $1,000.00 for **each** violation pursuant to the [ **FCRA** ] **15 U.S.C.§1681** *et seq*.

   **152.**   Costs and reasonable attorneys fees pursuant to [ **FCRA** ] **15 U.S.C.§1681** *et seq*.

   **153.**   Any other relief that this Honorable Court deems appropriate.

## XII.   COUNT VII
## VIOLATION OF FAIR CREDIT REPORTING ACT
## [ FCRA ] 15 U.S.C. §1681b WILLFUL AND/OR KNOWING NON-COMPLIANCE
## DEFENDANT'S DCI, ICSI, CRM, TU, EXPERIAN, AND DOES 1-10

**154.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 153 herein.

**155.   The [ FCRA ], 15 U.S.C.§1681b** defines the _permissible purpose_ for which a person may obtain a consumer credit report.

**156.**   Such _permissible purposes_ as defined by **(FCRA) 15 U.S.C.§1681b** are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

**157.**   Plaintiff CARUSO has _never_ had _any business dealings_ or had any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from any of the Defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively.

**158.**   At **_no time_** did Plaintiff CARUSO give his consent for defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively to acquire his consumer credit report from **_any_** consumer reporting agency ("CRA").

**159.**   Defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively have demonstrated willful and/or knowing non-compliance with the **[ FCRA ], 15 U.S.C.§1681b** and repeatedly violating plaintiff CARUSO's right to privacy.

**160.**   Defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 inclusively had a _duty_ to properly ascertain if there was any legitimate permissible purpose before obtaining plaintiff's consumer credit  report and defendant's each and every one of them and _breached said duty by failing to do so._

**WHEREFORE,**   Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

**161.**   Declaratory judgement that the Defendant's illegal conduct violated [ FCRA ] 15 U.S.C.§1681b.

**162.**   Statutory damages of $1,000.00 for **each** violation pursuant to the [ FCRA ] 15 U.S.C.§1681b.

**163.**   Costs and reasonable attorneys fees pursuant to [ FCRA ] 15 U.S.C.§1681b.

**164.**   Any other relief that this Honorable Court deems appropriate.

### XIII.   COUNT VIII
### VIOLATIONS OF
### [ CCCRAA ]THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### DEFENDANT'S DCI, ICSI, CRM, TU, EXPERIAN, AND DOES 1-10

**165.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 164 herein.

**166.**   Within one years prior to the filing of the complaint in this action, defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

**a.**   By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff CARUSO, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

**b.**   By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff Defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 , knew, or should have known, was incomplete, inaccurate and/or unverifiable;

**c.**   By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's consumer credit file after conducing an investigation;

**d.**   By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 ,

e.   By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct and incorrect, incomplete or inaccurate credit reporting.

**167.**   Each of the Defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10, willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in plaintiff's consumer credit reports. Plaintiff CARUSO hereby alleges that each of the defendant's policies and practices hinder and obstruct adequate and meaningful re-investigations, and that each defendant knows of the effect's  of their conclusive  policies and practices.

**168.**   As a proximate result of the willful and negligent actions of the defendant's DCI, ICSI, CRM, TU, EXPERIAN and Does 1 thru 10 and each of them, plaintiff CARUSO has suffered  both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, damage to credit reputation for many years of pain and suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful statutory violations of the **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

**WHEREFORE,**   Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

**169.**   Declaratory judgement that the Defendant's illegal conduct violated **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

**170.**   Statutory damages of $1,000.00 for **each** violation pursuant to the **[ CCCRAA ]California Consumer Credit Reporting Agencies Act**.

1     **171.**   Costs and reasonable attorneys fees pursuant to

2     **[ CCCRAA ]California Consumer Credit Reporting Agencies Act.**

3     **172.**   Any other relief that this Honorable Court deems appropriate.

4

5                                   **XIIII.   COUNT VIIII**
      **VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION**
6        **PRACTICES ACT CALIFORNIA CIVIL CODE §1788** *et seq.*
                             **[AGAINST ALL DEFENDANTS]**
7           **DEFENDANT'S DCI, ICSI, CRM, TU, EXPERIAN AND DOES 1-10**

8     **173.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional

9     allegations and general factual allegations in paragraphs 1 thru 172 herein.

10    **174.**   Plaintiff CARUSO is a *consumer* within the meaning of **15 U.S.C. §1692** *et seq.*

11    **175.**   Defendant's DCI, ICSI, CRM and Does 1 thru 10, inclusively, are seeking to

12    collect an *alleged consumer debt* from plaintiff CARUSO as defined by California Civil

13    Procedure §1788(f).

14    **176.**   The alleged defendant's DCI, ICSI, CRM and Does 1 thru 10's consumer debt

15    account in question is a *consumer transaction* as defined by California Civil Procedure

16    §1788(e), as the Plaintiff CARUSO has allegedly received property, services or money

17    from ANY of the defendant's or an extension of credit, and such  property, services or

18    money was used primarily for personal, family or household purposes.

19    **177.**   Defendant's each and every one of them also violated **§1788.11(d)**

20    of the **[ CFDCPA ]California Rosenthal Fair Debt Collection Practices Act** by

21    placing collection calls to the plaintiff's cellular phone repeatedly and continuously

22    so as to annoy, harass or embarrass the plaintiff. *Plaintiff CARUSO contends he has*

23    *always paid all of his consumer bills in as timely a manner as possible.*

24    **178.**   All of the defendant's violated **§1788.17** of the **California Rosenthal**

25    **Fair Debt Collection Practices Act [ CFDCPA ]** by placing numerous harassing debt

26    collection calls to the plaintiff CARUSO with *such frequency* as to be *undereasonable*

27    and to *constitute direct intentional harassment* of the plaintiff under the circumstances.

28

179. Defendant's DCI, ICSI, CRM and Does 1 thru 10 inclusively also violated Section §1788.17 of the **California Rosenthal Fair Debt Collections Practices Act [ CFDCPA ]** by *continuously* failing to comply with the statutory regulations contained within the **United States [ FDCPA ] Fair Debt Collection Practices Act 15 U.S.C. §1692** *et seq.*

**WHEREFORE,** Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

180. Declaratory judgement that the Defendant's illegal conduct violated §1788.17 of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]** .

181. Statutory damages of $1,000.00 for **each** violation pursuant to **§1788.17** of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]** .

182. Costs and reasonable attorneys fees pursuant to **§1788.17** of the **California Rosenthal Fair Debt Collection Practices Act [ CFDCPA ]** .

183. Any other relief that this Honorable Court deems appropriate.

### XV.   COUNT X
### AGAINST ALL THREE CRA'S
### FAILURE TO ESTABLISH PROPER PROCEDURES
### 15 U.S.C. §1681(e)
### DEFENDANT'S TU, EXPERIAN AND DOES 1-10

184. Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 183 herein.

185. All [3] three of the above-named defendant CRA's violated **15 U.S.C. §1681e(b)** by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer credit report and consumer credit files it published and maintains concerning plaintiff CARUSO.

186. As a result of this conduct, action and inaction of defendant's CRA's, plaintiff CARUSO suffered damages by loss of credit, denial of rental of houses and commercial buildings, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

**187.**   Defendants CRA's conduct, action, and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the court pursuant to **15 U.S.C. §1681n**. In the alternative, it was negligent, entitling plaintiff to recover under **15 U.S.C. §1681o**.

**188.**   Plaintiff is entitled to recover attorneys fees from defendant CRA's in an amount to be determined by the Court pursuant to **15 U.S.C. §1681n** and/or **§1681o**.

**WHEREFORE,**   Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

**189.**   Declaratory judgement that the Defendant's illegal conduct violated **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Code** state counterparts.

**190.**   Statutory damages of $1,000.00 for **each** violation pursuant to **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Codes.**

**191.**   Costs and reasonable attorneys fees pursuant to **15 U.S.C. §1681n** and **15 U.S.C. §1681o** of the **California Civil Codes.**

**192.**   Any other relief that this Honorable Court deems appropriate.

### XVI.   COUNT XI
### AGAINST ALL THREE CRA'S
### FAILURE TO REINVESTIGATE 15 U.S.C. §1681(i)
### DEFENDANT'S TU, EXPERIAN AND DOES 1-10

**193.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 192 herein.

**194.**   Defendant CRA's violated **15 U.S.C. §1681i** on multiple occasions in the past and up to today's date by failing to delete inaccurate information in plaintiff's consumer credit files after receiving actual notice to such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward relevant information to the Creditors; failing to maintain reasonable procedures with which to filter and verify disputed information in plaintiff's consumer credit file; and by relying upon verification from a source it has reason to know is unreliable.

195. As a direct result of this conduct, action and inaction of defendant's CRA's, plaintiff CARUSO has suffered damages by loss of credit, loss of ability to purchase and benefit from credit, mental and emotional pain and anguish and the humiliation and embarrassment of consumer credit denials.

196. Defendant CRA's conduct, action and inaction was willful, rendering it liable for punitive damages in the amount to be determined by the Court pursuant to **15 U.S.C. §1681i**. In the alternative, it was negligent, entitling Plaintiff CARUSO to recover under **15 U.S.C. §1681i**.

197. Plaintiff CARUSO is entitled to recover attorneys fees from defendant's in an amount to be determined by the Court pursuant to **15 U.S.C. §1681n** and/or **§1681o**.

**WHEREFORE,** Plaintiff, STEPHEN CARUSO, respectfully requests judgement be entered against defendant's DCI, ICSI, CRM and Does 1 thru 10 for the following:

198. Declaratory judgement that the Defendant's illegal conduct violated **15 U.S.C. §1681n, 15 U.S.C. §1681o and 15 U.S.C. §1681i** of the **California Civil Code** state counterparts.

199. Statutory damages of $1,000.00 for <u>**each**</u> violation pursuant to **15 U.S.C. §1681n, 15 U.S.C. §1681o** and **15 U.S.C. §1681i** of the **California Civil Codes.**

200. Costs and reasonable attorneys fees pursuant to **15 U.S.C. §1681n, 15 U.S.C. §1681o** and **15 U.S.C. §1681i** .

201. Any other relief that this Honorable Court deems appropriate.

///
///
///
///
///
///
///

## XVIII.  PRAYER

I, STEPHEN CARUSO, the Plaintiff In Pro Se, in the above-entitled Complaint respectfully prays for judgment as follows:

1. For actual, general and special damages according to the proof at trial;

2. For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.

3. For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;

4. For attorney's fees where authorized by statute or law;

5. For costs and expenses of suit; and

6. For such other relief as the court deems just and proper.

## XVIIII.  DEMAND FOR JURY TRIAL

202.  Plaintiff STEPHEN CARUSO hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this _15th_ day of October 2018.

_Stephen J Caruso_

STEPHEN CARUSO, Plaintiff  In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-1812